UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WAYNE GORDON**                                                                          **CIVIL ACTION**

**VERSUS**                                                                                      **NO. 17-5192**

**GEORGE A. SMITH, ET AL.**                                                          **SECTION "E" (3)**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Wayne Gordon filed the above-captioned matter in this Court in which he sues various defendants for violations of 42 U.S.C. §§1983 and 1985 and constitutional violations. He seeks declaratory relief, injunctive relief, and monetary damages. Gordon alleges that defendants engaged in a civil conspiracy under 42 U.S.C. §§ 1983 and 1985 to deprive him of an automobile for which he paid at an auction.

On June 8, 2017, the Court ordered Gordon to show cause by Wednesday, July 5, 2017 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction and/or failure to state a claim cognizable in federal court pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii). Gordon has now done so.  [Doc. #4].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires

dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]  Arnold premises jurisdiction on Section 1983.  Generally, three elements must be established in a Section 1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.  *Marceaux v. Lafayette City-Parish Consol. Gov't*, 921 F. Supp. 2d 605, 621 (W.D. La. 2013).  There is no indication here that any of the defendants is a

---

[1]  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2]  *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3]  *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

state actor.

Gordon contends that "[t]he defendants are businesses operating under state laws making them state actors." [Doc. #4 at p. 3]. By "businesses," Gordon apparently means Gas Boyz Custom Sales and Service ("Gas Boyz") and Manheim Mississippi ("Manheim"). A private company, such as an auto dealership, normally is not considered to act under color of state law. *See, e.g.*, *Scott v. Archey*, 99 Fed. App'x 62, 63 (7th Cir. 2004) ("a towing company is not a state actor"); *see also Coleman v. Alamo Self Storage*, No. 3:13-CV-4909, 2014 WL 4817330, at *3 (N.D. Tex. Sept. 29, 2014) ("Section 1983 affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation."). Moreover, although Gordon alleges that the auction was public and thereby "held on behalf of a government," and Gas Boyz and Manheim thus may derive a benefit from their interactions with a government, that benefit is not alone sufficient to transform the company into a state actor. *See id.* ("A government's conferral of benefits on an entity is insufficient to convert the entity into a state actor."); *cf. Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) (holding that warehouseman's sale of family's goods entrusted to him for storage by city official after family was evicted did not constitute state action). In addition, there is no indication from the complaint or the response to the rule to show cause that the "government" to which Gordon refers is the *state* government. And while there is an exception to this general rule when a private company has conspired with a state actor to deprive a plaintiff of his constitutional rights, *see, e.g., Chaney v. Races and Aces*, 590 Fed. App'x 327, 329 (5th Cir. 2014), it still remains that no defendant here is a state actor. Sections 1983 and 1985 provide no federal jurisdiction here.

Neither does diversity jurisdiction under 18 U.S.C. § 1332 appear to exist on the fact of the complaint.   Gordon is a citizen of Louisiana, and at least one of the defendants, George A. Smith, is also a citizen of this state. *Thompson v. Greyhound Lines, Inc.*, 574 F. App'x 407, 408 (5th Cir. 2014) ("A party seeking to proceed under 28 U.S.C. § 1332 must establish complete diversity, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.").   Because there is a citizen of Louisiana on both sides of the dispute here, complete diversity does not exist.

Accordingly,

**IT IS RECOMMENDED** that Gordon's complaint be dismissed without prejudice for lack of subject-matter jurisdiction.   Gordon's complaint belongs in state court.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of July, 2017.

                                            **DANIEL E. KNOWLES, III**
                                            **UNITED STATES MAGISTRATE JUDGE**